SECOND DEPARTMENT, FEBRUARY, 2001

(February 5, 2001)

■ MARIE BENINATI et al., Appellants, v CEVETTA RESTAURANT, INC., et al., Respondents. [719 NYS2d 713] —In an action to recover damages for breach of three contracts for the sale of real property, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Lockman, J.), dated November 30, 1999, as granted those branches of the defendants' motion which were to dismiss the complaint and vacate their notice of pendency.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs and the defendants entered into three related contracts for the sale of real property, a restaurant, and its assets. Each contract provided that a failure to close on any one of them would be a default on all three. Each contract also included a liquidated damages clause. Pursuant to the terms of the contract for the purchase of the restaurant, the plaintiffs Marie Beninati and Lee I. Beninati were required to sign personal guarantees. When the parties met at the scheduled closing, Mr. Beninati refused to sign the guarantee.

The plaintiffs willfully defaulted on all three contracts when Mr. Beninati refused to execute a personal guarantee. Pursuant to the terms of those contracts, the defendants deemed the down payment to be liquidated damages and retained it. Under these circumstances, we agree with the Supreme Court that the defendants were entitled to retain the down payment as liquidated damages (*see, Maxton Bldrs. v Lo Galbo,* 68 NY2d 373), and the complaint was properly dismissed.

The plaintiffs' remaining contentions are without merit. Friedmann, J. P., McGinity, Feuerstein and Smith, JJ., concur.